## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTINA GALEZNIAK,            :
    **Plaintiff**            :
                :            **Civil Action No. 4:11-cv-1719**
    **v.**            :            **(Chief Judge Kane)**
                :
MILLVILLE HEALTH CENTER,            :
    **Defendant**            :

## MEMORANDUM

Plaintiff Kristina Galezniak commenced this action in the Court of Common Pleas of

Columbia County, Pennsylvania, against Defendant Millville Health Center on August 12, 2011.

Following removal to this Court, Defendant filed a motion to dismiss the complaint in its entirety

on October 17, 2011.  (Doc. No. 5.)  That motion has been fully briefed and is now ripe for

disposition.  For the reasons stated more fully herein, the Court will grant the motion to dismiss.

## I.     BACKGROUND[1]

Plaintiff began working for Defendants as a certified nurse assistant in June 2008.  (Doc.

No. 1-1 ¶ 3.)  On October 6, 2008, Plaintiff informed the head nurse on duty, Donna Julius, that

she was pregnant.  (Id. ¶ 4.)  The next day, Plaintiff alleges that she was ordered to complete

forms "to take a non-paid leave of absence and ultimately termination."  (Id. ¶ 5.)  Plaintiff was

also told that because no light duty work was available, she would need to take a leave of

absence.  (Id. ¶¶ 5-6.)  Plaintiff maintains that she did not request light-duty work, did not require

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Accordingly, all background facts are drawn from Plaintiff's complaint.

any work restrictions, wanted to continue working, and did not want to take a leave of absence.

(Id. ¶¶ 7-9.)  Plaintiff further alleges that at least one other employee was assigned to light duty

work as a result of a non-work related injury.  (Id. ¶ 8.)

Following the end of her working relationship with Defendant,[2] Plaintiff began working

at Blockbuster Video, with no restrictions or complications, until her child was born in May

2009.  (Id. ¶ 10.)  In February 2009, Plaintiff filed a complaint with the Pennsylvania Human

Relations Commission and the Equal Employment Opportunity Commission.  (Id. ¶ 12.)  On

February 22, 2010, the Pennsylvania Human Relations Commission issued a notice of the right to

sue to Plaintiff.  (Id. ¶ 13; Doc. No. 1-1 at 15.)

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters

of public record, and documents that form the basis of a claim."  Lum, 361 F.3d at 221 n.3.  The

motion will only be properly granted when, taking all factual allegations and inferences drawn

therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v.

Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to

---

[2] Plaintiff refers to her termination, but it is not at all clear from the complaint when, how, or if she was terminated.  She claims that she signed forms and "was informed that the forms were to take a non-paid leave of absence and ultimately termination."  (Doc. No. 1-1 ¶ 5.) Plaintiff offers no further explanation regarding what this term means.  Later in the complaint Plaintiff refers to "[t]he constructive termination of the Plaintiff's employment by Defendant," (id. ¶ 21), suggesting that perhaps Plaintiff is alleging that the unpaid leave of absence constituted a constructive termination of the employment relationship; however, there is precious little in the complaint to support a conclusion that this is indeed the intended meaning of the complaint.

show that no claim has been stated.  <u>Johnsrud v. Carter</u>, 620 F.2d 29, 33 (3d Cir. 1980).  Thus,

the moving party must show that Plaintiff has failed to "set forth sufficient information to outline

the elements of his claim or to permit inferences to be drawn that those elements exist."  <u>Kost</u>, 1

F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss."  <u>Morse v. Lower Merion</u>

<u>Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court has held that while

the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,'

rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough

to raise a right to relief above the speculative level.'"  <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d

224, 231-32 (3d Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is

facially plausible."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1955 (2009)).

## III.   DISCUSSION

Plaintiff's complaint raises claims of: (1) discrimination based on sex in violation of Title

VII of the Civil Rights Act, in Count 1 of the complaint; (2) wrongful discharge in violation of

the Pennsylvania Human Relations Act and the common law, in Count 2 of the complaint; (3)

intentional infliction of emotional distress, in Count 3 of the complaint; (4) negligent infliction of

emotional distress, in Count 4 of the complaint; and (5) violation of the Pennsylvania Human

Relations Act and the Pregnancy Discrimination Act, in Count 5 of the complaint.  Defendant

moves to dismiss the complaint in its entirety.  Defendant first argues that the entire complaint

must be dismissed for Plaintiff's failure to plead sufficient facts to support her claims.  Defendant

then argues that Plaintiff's individual claims fail as a matter of law.  Specifically, Defendant

alleges that: (1) Pennsylvania law does not support a cause of action for intentional infliction of

emotional distress or negligent infliction of emotional distress because such claims are barred

when arising out of an employment relationship and Plaintiff has not pleaded the existence of

"extreme or outrageous" conduct; (2) Plaintiff's common law wrongful discharge claim is

preempted by the Pennsylvania Human Relations Act; (3) Plaintiff's Pregnancy Discrimination

Act claim fails because it is duplicative of her Title VII claim; and (4) Plaintiff's claims of

employment discrimination fail because Defendant's employment policy is not discriminatory.

The Court will consider Defendant's individual arguments in turn and, if necessary, will then

consider whether Plaintiff's complaint must fail for lack of sufficient factual support.

### A.  Intentional Infliction of Emotion Distress and Negligent Infliction of Emotional Distress Claims

Plaintiff alleges that "[i]n terminating Plaintiff due to the fact that she was pregnant,

Defendant intentionally acted in such an outrageous and reckless disregard that Plaintiff suffered

severe emotional torment and stress." (Doc. No. 1-1 ¶ 24.)  Plaintiff makes a nearly identical

allegation in regard to her claim of negligent infliction of emotion distress, substituting the word

"negligently" for "intentionally."  (Id. ¶ 27.)  Defendant contends that Plaintiff's claims fail

because claims of negligent and intentional infliction of emotional distress arising out of an

employment relationship are barred by the Pennsylvania Workers' Compensation Act.

Defendant further argues that even if such claims were not barred, they would fail because

Plaintiff fails to make the necessary factual allegations to support such a claim.  In response to

Defendant's arguments, Plaintiff has offered a mere four sentences, including three conclusory

sentences in which Plaintiff asserts, without citation to any authority, that the claims do not fail

and one sentence outlining the elements of the cause of action.  The Court must agree with

Defendant.

Plaintiff's claims of negligent and intentional infliction of emotional distress are squarely

foreclosed by the Third Circuit's decision in Matczak v. Frankford Candy & Chocolate

Company.  In that case, Matczak alleged that Frankford fired him because of his disability, and

that following his termination he cried "at least once a week."  Matczak v. Frankford Candy &

Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997).  The Third Circuit held that these allegations

could not support a claim of negligent or intentional infliction of emotional distress because the

exclusivity provision of the Pennsylvania Workers' Compensation Act bars claims for both

negligent and intentional infliction of emotional distress arising out of an employment

relationship.  Id. (quoting Dugan v. Bell Telephone of Pa., 876 F. Supp. 713, 723-24 (W.D. Pa.

1994)); EEOC v. Creative Playthings, Ltd., 375 F. Supp. 2d 427, 438 (E.D. Pa. 2005) (holding

that a claim for infliction of emotional distress based on retaliatory termination is barred by the

Pennsylvania Workers' Compensation Act).  In the present matter, the sole basis for Plaintiff's

claims of negligent and intentional infliction of emotional distress is Defendant's alleged

decision to terminate her employment.  Accordingly, because Plaintiff's claims arise from an

employment relationship, those claims are barred by the Pennsylvania Workers' Compensation

Act.  See 77 Pa. Stat. § 481(a) (providing that the Pennsylvania Workers' Compensation Act is

the exclusive remedy for claims arising out of one's employment).[3]

---

[3] The one narrow exception to the preemptive nature of the Pennsylvania Workers'
Compensation Act is where injuries are "caused by the intentional conduct of third parties for
reasons personal to the tortfeasor and not directed against him as an employee or because of his

Even if Plaintiff's claims were not barred by the Pennsylvania Workers' Compensation Act, the negligent and intentional infliction of emotional distress claims would still fail. Claims of negligent and intentional infliction of emotional distress are governed by state law, and Pennsylvania courts have narrowly construed such causes of action. Andrews v. City of Philadelphia, 895 F.2d 1469, 1486 (3d Cir. 1990). To establish liability for the infliction of emotional distress, a plaintiff must establish outrageous conduct on the part of the tortfeasor. To establish "outrageous conduct" in Pennsylvania, "it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (quoting Restatement (Second) of Torts § 46, comment d; Daughen v. Fox, 539 A.2d 858, 861 (Pa. 1988)). Rather, "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (quoting Buczek v. First Nat'l Bank of Mifflintown, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)). "[I]t is extremely rare to find

---

employment." Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3d Cir. 1999) (noting that a claim of intentional infliction of emotional distress may be permitted to proceed "where a supervisor sexually assaulted an employee or stalked her outside of work"). Plaintiff does not argue that this exception applies, and the Court sees no reason to apply it here. The only action alleged to have been taken against Plaintiff was an employment action, namely her termination. Accordingly, the "personal animus" exception, as the above quoted exception has been called, could not apply. The Court further notes that while the personal animus exception has been applied in some limited circumstances in cases of intentional infliction of emotional distress, it does not apply to cases of negligent infliction of emotional distress. See, e.g., Brooks v. Mendoza, No. 00-cv-5045, 2002 U.S. Dist. LEXIS 4991, at *12 (E.D. Pa. Mar. 25, 2002) (distinguishing the preemptive effect of the personal animus exception in cases of intentional and negligent infliction of emotional distress and collecting cases).

conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Id. (quoting Cox v. Keystone Carbon, 861 F.2d 390, 395 (3d. Cir. 1988)).  Courts have consistently held that claims based on termination of an employment relationship will not satisfy the outrageous conduct requirement of the torts of negligent or intentional infliction of emotional distress.  See, e.g., Garges v. People's Light & Theater Co., No. 09-cv-2456, 2010 U.S. Dist. LEXIS 115591, at *15 n.8 (E.D. Pa. Oct. 28, 2010) (collecting cases).  Because Plaintiff's claims are based solely on the fact that she was terminated, albeit in an allegedly discriminatory manner, those claims must fail.  See, e.g., Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (finding that "the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee"); Madreperla v. Williard Co., 606 F. Supp. 874, 880 (E.D. Pa. 1985) (concluding that while summary judgment was not warranted on the plaintiff's age discrimination claim, plaintiff's claim of intentional infliction of emotional distress could not proceed because although plaintiff's legal rights may have been violated the termination did not amount to outrageous conduct).

In sum, Plaintiff's claims of negligent and intentional infliction of emotional distress must fail.  The Pennsylvania Workers' Compensation Act bars such claims because they arise out of the employment relationship.  Further, termination, even termination alleging wrongful discharge and discrimination, has been found to not rise to the level of outrageous conduct.

Accordingly, the Court must grant the motion to dismiss Counts 3 and 4 of Plaintiff's complaint.[4]

**B.     Common Law Wrongful Discharge**

Although not explicitly pleaded in her complaint, Defendant has argued that to the extent Plaintiff asserts a common law wrongful discharge claim in Count 2 of the complaint, it should be dismissed because it is preempted by the Pennsylvania Human Relations Act.  In response, Plaintiff offers no citation to relevant authority – with the sole exception being a citation supporting the proposition that Title VII makes it unlawful to discriminate against a pregnant employee – and little in the way of relevant argument.  Once again, the Court must agree with Defendant and conclude that to the extent Count 2 raises a common law wrongful discharge claim, it must be dismissed.

The Commonwealth of Pennsylvania, via the Pennsylvania Human Relations Act, has articulated a broad public policy of protecting individuals from sex discrimination in their employment.  43 Pa. Stat. § 952(b).  Terminating an employee because she becomes pregnant falls within the Pennsylvania Human Relations Act's definition of sex discrimination.  Cerra v. E. Stroudsburg Area Sch. Dist., 299 A.2d 277, 280 (Pa. 1973) (terminating an employee because of a pregnancy "is sex discrimination pure and simple").  The Pennsylvania Human Relations Act, however, precludes common law tort actions for wrongful discharge based on sex discrimination.  Weaver v. Harpster, 975 A.2d 555, 556-57, 567 (Pa. 2009).  Accordingly, because the Pennsylvania Human Relations Act is the sole state-law remedy for sex

---

[4] The Court declines to consider Defendant's argument regarding Plaintiff's bodily injury as that argument was raised for the first time in Defendant's reply brief.  United States v. Martin, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) (declining "to address any issue raised for the first time in a reply brief; United States v. Medeiros, 710 F. Supp. 106, 109 (M.D. Pa. 1989) ("It is improper for a party to present a new argument in [a] reply brief.").

discrimination claims, any common law wrongful discharge claim based upon sex discrimination must be dismissed.

### C.      Whether Count 5 is Duplicative of Count 1

In Count 1 of Plaintiff's complaint, Plaintiff contends that Defendant discriminated against her based on sex in violation of Title VII of the Civil Rights Act.  (Doc. No. 1-1 ¶¶ 15-19.)  In Count 5 of Plaintiff's complaint, Plaintiff contends that Defendant discriminated against because she was pregnant in violation of the Pregnancy Discrimination Act.  (Id. ¶ 31.)  Defendant argues that these claims are identical, and that the Pregnancy Discrimination Act claim in Count 5 should be dismissed.  In response, Plaintiff offers only a single sentence: "Plaintiff's Title VII claim is a claim for freedom from discrimination, and her claim under the [Pregnancy Discrimination Act] is a claim for the violation of [that] statute related to pregnancy." (Doc. No. 8 at 9.)  Because those claims are identical, the Court must grant the motion to dismiss Count 5.

The Pregnancy Discrimination Act amends Title VII to clarify that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy." 42 U.S.C. § 2000e(k).  "Rather than introducing new substantive provisions protecting the rights of pregnant women, the [Pregnancy Discrimination Act] brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination." Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1312 (11th Cir. 1994).  Accordingly, claims of discrimination based on a woman's pregnancy fall within the same framework as other sex discrimination claims raised pursuant to Title VII.  See Marzano v. Computer Science Corp., Inc., 91 F.3d 497, 506 (3d Cir. 1996).  In the present matter, Plaintiff's

9

claims in Counts 1 and 5 are identical.  Under each claim, she seeks recovery under Title VII because she was discriminated against as a result of her pregnancy.  Because pregnancy discrimination is a form of sex discrimination, and not an independent type of discrimination, the claims are duplicative and the claim in Count 5 must be dismissed.

> **D.     Whether Defendant's Employment Policy is Discriminatory**

Defendant next "requests an affirmative determination by the Court that [Defendant's] policy is not discriminatory on its face."  (Doc. No. 9 at 4.)  The Court declines to make such a determination.  It is not at all clear whether Plaintiff is challenging a policy, or, if she is challenging a policy, what policy is being challenged.  Accordingly, Defendant's request that the Court render an opinion on a policy that may or may not be at issue in this action smacks of a request for an advisory opinion, which this Court does not have the power to issue.  New Jersey v. Heldor Indus., Inc., 989 F.2d 702, 709 (3d Cir. 1993) ("Since from the time of the Framers to the present federal courts have been limited in their power to decide only 'cases' or 'controversies' and not render advisory opinions . . . .").[5]  Accordingly, the Court must deny Defendant's request.

> **E.     Whether Plaintiff Has Pleaded Sufficient Facts to Support a Claim**

Finally, the Court considers Defendant's contention that Plaintiff has failed to plead sufficient facts to support a claim.  As the Court has already determined that Plaintiff has failed to state claims for intentional or negligent infliction of emotional distress and determined that the Pregnancy Discrimination Act claim must be dismissed as duplicative of the Title VII claim, the

---

[5]  The Court further notes that even if such an affirmative determination were permissible, the parties have not provided the Court with sufficient factual allegations to make such a determination.

Court will focus its inquiry on whether Plaintiff has pleaded sufficient facts to support her Title

VII and Pennsylvania Human Relations Act sex discrimination claims.

Discrimination because an individual is pregnant is a form of gender discrimination and

is, therefore, subject to the familiar McDonnell Douglas burden-shifting analysis whereby

Plaintiff must first establish a prima facie case of gender discrimination.  Hare v. Potter, 220 F.

App'x 120, 127 (3d Cir. 2007).  To establish a prima facie case of gender discrimination,

Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the

job in question; (3) she suffered an adverse employment decision; and (4) circumstances exist

that give rise to an inference of unlawful discrimination in that similarly situated male employees

were treated more favorably.  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253

(1981); Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 539 (3d

Cir. 2006).  Pennsylvania courts treat Pennsylvania Human Relations Act claims as coextensive

with the claim's federal counterpart, here Title VII.  Gomez v. Allegheny Health Servs., 71 F.3d

1079, 1084 (3d Cir. 1995).  Accordingly, the same analysis will apply to these claims.

The gravamen of Plaintiff's sex discrimination claims is that she has suffered an adverse

employment action at the hands of Defendant, her former employer, because of her pregnancy.

Defendant argues that the complaint is so devoid of factual assertions that the complaint falls

short of the requirement that a complaint "state a claim to relief that is plausible on its face."

Twombly, 550 U.S. at 570.  Plaintiff responds with a largely conclusory statement regarding the

sufficiency of the complaint.  Upon a review of the complaint, the Court agrees with Plaintiff that

the allegations appear to be consistent with a claim of sex discrimination; however, the Court

cannot agree that the allegations in the complaint are sufficient to raise the claims to the level of

11

plausibility required by Rule 8 of the Federal Rules of Civil Procedure.

The fundamental problem with Plaintiff's claims is that the complaint fails to clearly set forth what is being alleged. After reading the complaint and Plaintiff's briefing, the Court is still unsure as to precisely what employment action Defendant is alleged to have taken. For example, at times Plaintiff says she was "terminated" by Defendant (Doc. No. 1-1 ¶ 5), while at other times she claims to have been subject to "constructive termination" (id. ¶ 21). In Count 1 she claims she was discriminated against in violation of Title VII because she was required to take an unpaid leave of absence (id. ¶ 16), whereas in her Pennsylvania Human Relations Act claim in Count 2, she claims the adverse employment action was the "constructive termination" (id. ¶ 22.) Left unsaid is whether the constructive discharge and the unpaid leave are one in the same, or whether her actual termination forms the basis of any of these claims. Regarding the unpaid leave of absence she makes no allegations regarding the terms of that leave of absence, whether she believes the leave of absence constitutes the adverse employment action, and to whether, to the extent she is pursuing a claim of constructive termination, the unpaid leave of absence forms the basis of that claim. Likewise, Plaintiff provides no information regarding what actions form the basis of her constructive discharge claim. Finally, there is a statement in the complaint suggesting that Defendant may have employed a "trick" to "force her into taking a non-paid leave of absence." (Id. ¶ 16.) This pregnant allegation raises a number of questions, for example, what artifice did Defendant employ to induce Plaintiff to accept the unpaid leave of absence; did Defendant tell Plaintiff she was required to take the unpaid leave or was it merely an option presented to her; if it was merely an option, what were the other options; and what circumstances led Plaintiff to believe she had no choice other than to take the unpaid leave of absence.

While the allegations in Plaintiff's complaint appear to be consistent with a claim of gender discrimination, the allegations are so opaque as to prevent a clear understanding of what claims are actually being raised. As a result, while the complaint alleges entitlement to relief, it fails to show that Plaintiff is entitled to relief with facts that go beyond mere labels and legal conclusions. See Iqbal, 129 S.Ct. at 1950 (2009); Fowler, 578 F.3d at 210-11. Accordingly, the Court will grant the motion to dismiss on this basis. In light of the potential meritoriousness to the Title VII and Pennsylvania Human Relations Act claims, however, the Court will grant Plaintiff leave to file an amended complaint that conforms to Rule 8(a) of the Federal Rules of Civil Procedure and which cures the defects outlined in this memorandum.

## IV.    CONCLUSION

Plaintiff raises a number of claims related to her allegation of gender discrimination based on her pregnancy. As a matter of law, her claims of intentional and negligent infliction of emotional distress based on Pennsylvania law must fail because those claims are barred by the the Pennsylvania Workers' Compensation Act and because claims of wrongful discharge and discrimination do not rise to the level of outrageous conduct required to prove the torts of intentional or negligent infliction of emotional distress. In addition, because the Pennsylvania Human Relations Act is the sole state-law remedy for sex discrimination claims, to the extent Plaintiff raises a common law wrongful discharge claim based upon sex discrimination, that claim must be dismissed. Further, because pregnancy discrimination is a type of gender discrimination under Title VII, to the extent she seeks to raise both claims of Title VII gender discrimination and pregnancy discrimination based on discrimination because of her pregnancy, the latter claim must be dismissed as duplicative of the former. Finally, although the complaint

does appear to be consistent with a gender discrimination claim, as the complaint is presently

formulated, it fails to show Plaintiff is entitled to relief.  Accordingly, the Court will grant the

motion to dismiss; however, it will grant Plaintiff leave to amend her complaint to attempt to

properly state claims of gender discrimination pursuant to Title VII and the Pennsylvania Human

Relations Act.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTINA GALEZNIAK,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 4:11-cv-1719** |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **MILLVILLE HEALTH CENTER,** | : | |
| **Defendant** | : | |

<u>**ORDER**</u>

    **AND NOW**, on this 17th day of January, 2012, **IT IS HEREBY ORDERED THAT**

Defendant's motion to dismiss (Doc. No. 5) is **GRANTED** as follows:

1.      Plaintiff's claims of gender discrimination raised pursuant to Title VII and the Pennsylvania Human Relations Act are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within twenty-one days of the date of this order; and

2.      Plaintiff's complaint is **DISMISSED WITH PREJUDICE** in all other respects.

           S/ Yvette Kane
           Yvette Kane, Chief Judge
           United States District Court
           Middle District of Pennsylvania