IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTINA GALEZNIAK,** | : | |
| Plaintiff | : | Civil Action No. 4:11-cv-1719 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **MILLVILLE HEALTH CENTER,** | : | |
| Defendant | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Defendant Millville Health Center's motion to dismiss the amended complaint in part. (Doc. No. 14.) For the reasons stated more fully herein, the Court will deny the motion as moot.

**I.    BACKGROUND**[1]

Plaintiff Kristina Galezniak began working for Defendant as a certified nurse assistant in approximately June 2008. (Doc. No. 13 ¶ 3.) On October 6, 2008, Plaintiff learned that she was pregnant and informed the head nurse on duty, Donna Julius, of that fact. (Id. ¶ 4.) The next day, Plaintiff was informed that no work was available for a pregnant woman and terminated her from her employment. (Id. ¶¶ 5-6.) At all times, Plaintiff remained willing and able to continue working as a certified nurse assistant. (Id. ¶ 10.) No physician had ever placed any limitations on her ability to continue working. (Id. ¶ 33.) Plaintiff had never been disciplined prior to her termination, and she had received favorable performance reviews. (Id. ¶ 13.) Plaintiff alleges

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Accordingly, all background facts are drawn from Plaintiff's complaint.

that she was terminated because she was a pregnant female.  (Id. ¶¶ 20; 27.)

Plaintiff filed a complaint with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission on February 15, 2009.  (Id. ¶ 15.)  Plaintiff received a right to sue letter from the Pennsylvania Human Relations Commission dated February 22, 2010.  (Id. ¶ 17.)  Plaintiff Kristina Galezniak commenced this action in the Court of Common Pleas of Columbia County, Pennsylvania, against Defendant Millville Health Center on August 12, 2011.  Following removal to this Court, Defendant filed a motion to dismiss the complaint in its entirety on October 17, 2011.  (Doc. No. 5.)  The Court granted the motion to dismiss, but granted Plaintiff leave to amend her complaint on January 18, 2012.  (Doc. No. 11.)  Plaintiff filed her amended complaint on February 7, 2012.  (Doc. No. 13.)

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum, 361 F.3d at 221 n.3.  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

### III. DISCUSSION

Plaintiff's amended complaint states a claim for violation of Title VII of the Civil Rights Act of 1964 in Count 1 of the complaint and a claim for violation of the Pennsylvania Human Relations Act in Count 2 of the complaint. Defendant does not move to dismiss Count 1 of the complaint. Rather, Defendant only moves to dismiss Count 2 of the complaint on the basis that "Plaintiff may also be alleging a claim for wrongful discharge under Pennsylvania law in Count 2 of the Complaint." (Doc. No. 16 at 4.) Defendant raised this issue in its first motion to dismiss. The Court granted the motion to dismiss any common law wrongful discharge claims with prejudice. (Doc. No. 11.) Accordingly, Plaintiff would be barred from bringing any common law wrongful discharge claims based on a theory that she was terminated because she was pregnant. Further, based on a review of Plaintiff's complaint it does not appear that she has in fact attempted to raise a claim of common law wrongful discharge. Of course, as stated in this Court's January 18, 2012 memorandum and order, terminating an individual because she

becomes pregnant, falls within the Pennsylvania Human Relations Act's definition of sex discrimination.  Cerra v. E. Stroudsburg Area Sch. Dist., 299 A.2d 277, 280 (Pa. 1973). Defendant has not challenged Plaintiff's claims brought pursuant to the Pennsylvania Human Relations Act.

**ACCORDINGLY**, on this 20th day of June 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. No. 14) is **DENIED AS MOOT**.  A case management order will follow.

      S/ Yvette Kane
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania